IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **CARMEN TRUJILLO RAY** § | | |
| Plaintiff § | | |
| § | | |
| V. § | No. 5:13CV88 | |
| § | | |
| **US CITIZENSHIP AND IMMIGRATION** § | | |
| **SERVICES DALLAS DISTRICT, ET AL.** § | | |
| Defendants § | | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contain her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. The United States Citizenship and Immigration Services ("Defendant") objected to the Report and Recommendation of the Magistrate Judge. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

### I.

### BACKGROUND

Carmen Trujillo Ray, appearing pro se ("Plaintiff"), brings this lawsuit against the United States Citizenship and Immigration Services ("USCIS" or "Defendant"). On May 4, 2010, Plaintiff filed her N-400 Application for Naturalization. On March 9, 2011, the USCIS denied Plaintiff's N-400 Application because at her August 24, 2010 interview Plaintiff stated under oath that she had registered to vote and had voted in the 2008 presidential election, prior to her applying for naturalization. Docket Entry #1 at pgs. 4, 11. On April 6, 2011, Plaintiff filed a Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, appealing the denial. *Id.* at pg. 7. On June

19, 2013, following her hearing, the USCIS affirmed the decision to deny Plaintiff's N-400 because she had claimed to be a U.S. citizen on the Voter Registration Application and had voted in the 2008 presidential election by early in-person ballot on October 20, 2008. *Id.*

Plaintiff asserts she mistakenly claimed to be a U.S. citizen on her Voter Registration Application because she was mistaken as to the meaning of the form. Plaintiff also asserts she only registered to vote and subsequently voted in the presidential election after being told she was eligible to do so by an employee at the voter registration office. Plaintiff claims any laws she broke in claiming to be a U.S. citizen and in voting in the presidential election were purely by mistake and do not negatively reflect upon her good moral character.

Defendant moved to dismiss Plaintiff's complaint, first asserting Plaintiff has not asserted any basis for subject matter jurisdiction. In the alternative, Defendant asserted Plaintiff's actions show her lack of "good moral character," and therefore render her ineligible to naturalize as a matter of law. Specifically, Defendant asserts Plaintiff has conceded she voted in the 2008 Presidential election, falsely holding herself out to be a United States citizen in violation of the law. Defendant claims Plaintiff's ineligibility to naturalize renders Plaintiff's complaint one which fails to state a claim for which the Court can grant relief and thus, must be dismissed under FED. R. CIV. P. 12(b)(6).

Attached to Plaintiff's complaint are documents asserting she did not willfully or intentionally violate the law by falsely claiming to be a United States citizen and illegally voting in the 2008 presidential election. Plaintiff claims when she moved to Texarkana she asked the voting registrar if she could legally vote and was told she could after looking at her U.S. Resident card, social security card, and Texas driver's license. Plaintiff asserts she was confused when she filled

out the voter registration card and "made a mistake" by checking "yes" on the question asking if she was a U.S. citizen. Plaintiff claims she was not "verbally" told what her rights were as a U.S. resident nor was she given any "written" information of those rights.

## II.

## REPORT AND RECOMMENDATION

On July 10, 2014, the Magistrate Judge issued a Report and Recommendation, recommending Defendant's motion to dismiss be denied. The Magistrate Judge first found there is subject matter jurisdiction over Plaintiff's case. The Court then considered whether Plaintiff is ineligible to naturalize as a matter of law. According to the Magistrate Judge, 8 C.F.R. § 316.10(b)(3)(iii) explicitly provides there may be extenuating circumstances justifying a finding of good moral character. Although Plaintiff admits to voting in a presidential election in violation of 18 U.S.C. § 611(a) and falsely claimed to be a United States citizen on her October 7, 2008 voter registration application, the Magistrate Judge, stressing that Defendant's motion is not one for summary judgment, was not persuaded that Plaintiff could not establish extenuating circumstances justifying a finding of good moral character.

## III.

## DEFENDANT'S OBJECTIONS

Defendant objects to the Magistrate Judge's recommendation, asserting Plaintiff, having committed two unlawful acts (voting unlawfully and misrepresenting herself as a United States citizen on voting documents), is ineligible to naturalize, and the Court cannot grant her the relief she requests. Specifically, Defendant asserts Plaintiff's explanations for her unlawful actions, no matter how sympathetic they might present, do not describe the "extenuating circumstances" envisioned

3

by the relevant regulations. Defendant objects to the report's implication that making a "mistake" sufficiently alleges "extenuating circumstances" to avoid the 8 C.F.R. § 316.10(b) eligibility bar, where an alien has violated the law prohibiting false claims to citizenship. Defendant asserts the affirmative misrepresentation as a United States citizen, regardless of whether she voted lawfully or not, is a discrete federal crime that precludes this Court from naturalizing her, and no extenuating circumstances exist. According to Defendant, under 18 U.S.C. § 911(requiring that the defendant "falsely and willfully represent[] himself to be a citizen), it does not matter whether Plaintiff knew she was violating the law by misrepresenting herself as a United States citizen; all that is required is knowledge that the claim of citizenship is false.

Defendant asserts Plaintiff has not argued, and the Report and Recommendation does not conclude, that she did not "knowingly and intentionally" misrepresent herself as a citizen, as a required element of the laws prohibiting false claims to citizenship. Defendant further asserts Plaintiff has not alleged there were extenuating circumstances for her act of falsely claiming to be a U.S. citizen on her voter registration application. According to Defendant, Plaintiff has not alleged the voting registration representatives told her to "check" the box on the application indicating that she was a U.S. citizen; she only alleges she was told she could vote.

## IV.

### *DE NOVO* REVIEW

Pursuant to 8 C.F.R. § 316.2(b), an applicant must establish "by a preponderance of the evidence that he . . . meets all of the requirements for naturalization." 8 C.F.R. § 316.2(b). With respect to the applicant's burden of establishing "good moral character," certain statutory bars preclude such a finding. Relevant to this matter, unless the applicant establishes "extenuating

4

circumstances," the applicant shall be found to lack good moral character if, during the statutory period, the applicant "[c]ommitted unlawful acts that adversely reflect upon the applicant's moral character, or was convicted or imprisoned for such acts, although the acts do not fall within the purview of § 316.10(b)(1) or (2)." 8 C.F.R. § 316.10(b)(3)(iii).

As noted by the Magistrate Judge, Defendant's motion is a motion to dismiss, and not one for summary judgment. The Court cannot say with certainty at this time that this *pro se* plaintiff is incapable of alleging sufficient facts and circumstances to state a claim upon which relief can be granted. Defendant's objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 9) is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 4th day of September, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE